# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VALDEZ, | Case No.: 1:17-cv-01308-LJO-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CRAIG APKER, Warden, | [21-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Taft Correctional Institution in Taft, California. He has filed the instant federal petition challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

## BACKGROUND

In September of 1999, Petitioner was found guilty of one count of conspiracy, four counts of distribution and possession of cocaine, five counts of maintaining a place for drug distribution, and two counts of interstate drug trafficking. (Doc. 1 at 2.[1]) He was sentenced to serve a number of

---
[1] Citations are to ECF pagination.

1

concurrent sentences totaling 360 months of imprisonment. (Doc. 1 at 4.)

Petitioner appealed to the Ninth Circuit Court of Appeals. He claimed the district court erred by permitting a verdict to be entered by 11 jurors. United States v. Marin, 8 F.App'x 815, 816 (9th Cir. 2001). The conviction was affirmed on May 7, 2001. Id.

Petitioner then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Alaska. He challenged his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), and he raised several claims of ineffective assistance of counsel. The District Court of Alaska denied the motion. Petitioner appealed to the Ninth Circuit Court of Appeals. On July 12, 2004, the Ninth Circuit rejected all claims and denied the appeal. Specifically, the Ninth Circuit noted that it had previously "h[e]ld that Apprendi does not apply retroactively to cases on initial collateral review." United States v. Valdez, 104 F.App'x 624, 626 (9th Cir. 2004) (quoting United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, 537 U.S. 939 (2002)).

On October 2, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Again, he attacks his sentence based on Apprendi. He contends that he was wrongfully sentenced to a term of 360 months because the statutory maximum sentence was 20 years. He alleges the trial court violated Apprendi when it based its sentence on facts not determined by a jury. Petitioner attempts to couch his claim as a challenge to the BOP's "execution of his sentence"; however, there are no allegations that the BOP is executing a sentence different from that which was handed down by the sentencing court. It is clear that Petitioner is directly challenging the sentence itself, not the manner in which it is being executed.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the District of Alaska, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Alaska, not a habeas petition pursuant to § 2241 in this Court.

Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he has had unobstructed procedural opportunities to present his claim, and he does not present a claim of actual innocence.

First, Petitioner acknowledges that he had previous opportunities to present his claim to the sentencing court and Ninth Circuit. He filed a § 2255 motion in the sentencing court which raised his Apprendi claim, and the motion was denied. He appealed to the Ninth Circuit, and the appeal was denied. Therefore, he has in fact had unobstructed procedural opportunities to present his claims.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. In this case, Petitioner makes no claim of being factually innocent of the numerous counts of which he was convicted. Rather, he takes issue with the mandatory minimum sentence imposed. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, relief would be barred since Apprendi has not been held to be retroactive to cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.2002) (the ruling in Apprendi does not apply retroactively to initial petitions for collateral review).

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 16, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE